NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3045
_____

MONTVILLE TOWNSHIP
A New Jersey Municipal Corporation,
Appellant,
v.

WOODMONT BUILDERS LLC; DAVID MANDELBAUM;
NATHAN MANDELBAUM; RONALD G. TARGAN;
RICHARD W. KORALEK; POST, BUCKLEY, SCHUH &
JERNIGAN, INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cv-2680)
District Judge:  Hon. Dickinson R. Debevoise
_____

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2011

Before:  CHAGARES, JORDAN and GREENAWAY, JR., *Circuit Judges*.

(Filed:  June 30, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Montville Township, New Jersey (the "Township") appeals the decision of the

United States District Court for the District of New Jersey granting summary judgment to

David and Nathan Mandelbaum (the "Mandelbaums") on the Township's claims that they are liable under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-75, and the New Jersey Spill Compensation and Control Act (the "Spill Act"), N.J. Stat. Ann. § 58:10-23.11-23.11(2), for the costs to remediate environmentally hazardous substances located on 100 acres of land (the "Property") that the Township purchased in 1999. The Township contends that summary judgment was inappropriate because there is a genuine issue of material fact as to whether the Mandelbaums, as part owners of the Property from 1970 to 1999, engaged in fruit farming or timber harvesting activities that dispersed existing hazardous substances from already contaminated to uncontaminated parts of the Property.[1] We disagree and will affirm.

## I.    Background

Because we write solely for the parties, we assume familiarity with the facts and procedural history of this case. In 1970, the Mandelbaums acquired their interest in the Property. Prior to that acquisition, the Property had been operated as a commercial apple and peach orchard, and the activities associated with that use allegedly resulted in fertilizers and pesticides contaminating the soil with hazardous substances, including DDT. In 1999, the Township purchased the Property from a group of individuals that included the Mandelbaums. After discovering the Property's soil was contaminated with

---

[1] This appeal concerns only the grant of summary judgment to the Mandelbaums on the CERCLA and Spill Act claims brought by the Township against them. The Township's claims against all other captioned parties have been disposed of and are not the subject of this appeal.

hazardous substances, the Township engaged in a voluntary cleanup of the Property and brought the claims at issue here against the Mandelbaums, among others.

After several stages of proceedings before both the District Court and us, the Mandelbaums successfully moved for summary judgment on the Township's claims.[2] The District Court concluded that "[t]he Township … produced no evidence that the Mandelbaums engaged in excavations that moved, dispersed, or spread the contaminants that were in the soil when they took possession of the Property … ." (App. at A-17.) The Court then turned to what it took to be the Township's main claim against the Mandelbaums, that they "continued to operate an orchard during the 29 years in which they owned the Property, and that operation resulted in the addition of the contaminants at issue in this case … to the soil … ." (App. at 17.) The Court considered such allegations highly implausible in light of the record (App. at 19), and thus held that "[n]o reasonable juror could hold that the Mandelbaums disposed of hazardous materials on the Property based on the Township's evidence." (App. at 17.) Accordingly, the Court ruled in favor of the Mandelbaums on the Township's CERCLA and Spill Act claims.

The Township timely appealed that decision. However, on appeal, the Township acknowledges that the Mandelbaums are not responsible for the introduction of hazardous material into the Property's soil; instead, it claims that the harvesting of fruit

---

[2] The District Court's opinion also concerns the Township's claims against other defendants that are not before us now on appeal.

3

or timber during the time the Mandelbaums were owners of the Property contributed to the spreading of the contaminants.[3]

## II.     Discussion[4]

Because the Township has conceded that the Mandelbaums were not responsible for introducing hazardous substances into the Property's soil, summary judgment for the Mandelbaums would be improper only if there were a genuine dispute of material fact bearing on whether already-present containments were spread throughout the Property's soil by activities conducted during the time the Mandelbaums owned the Property. The Township contends that such a dispute exists based on the following evidence: an unsigned 1988 federal tax form listing "fruits" as the principal product of the Property (the "Tax Form"); an Application for Farmland Assessment (the "Application") submitted by David Mandelbaum in 1989 to the State of New Jersey indicating that the whole Property was used for not only "Fruit Crops" but also "Annual Harvest of Woodland Products"; a letter from the State of New Jersey in reply to the Application

---

[3] In its reply brief, the Township says that it "never alleged that the Mandelbaum Defendants were responsible for the initial introduction of hazardous constituents onto the Subject Property," rather that the Mandelbaums "contributed to the spreading of the hazardous constituents that were already present in the soil." (Reply Brief at 1-2.)

[4] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of an order granting summary judgment and "may affirm the order when the moving party is entitled to judgment as a matter of law, with the facts viewed in the light most favorable to the non-moving party." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

indicating that a "Woodland Management Plan" was required for the Property; documents concerning the Woodland Management Plan for the Property; and various statements by David Mandelbaum during his deposition to the effect that the Property was used for growing Christmas trees.[5]

As the District Court rightly concluded, however, that evidence would not permit a reasonable finder of fact to conclude that a dispersal of hazardous substances occurred during the time the Mandelbaums were owners. The Township has produced no evidence, through documents or expert opinion or otherwise, that timber harvesting operations on the Property would have resulted in the spreading of hazardous substances. There is simply no evidence in the record whatsoever that use of the Property for harvesting timber would cause or necessitate the spreading of hazardous substances. A mere assertion that timber was harvested on the Property and therefore hazardous substances were dispersed, without some evidence explaining why, is insufficient to prevent summary judgment. *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (holding that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" (internal quotation marks omitted)).

The only meaningful evidence in the record regarding the link between hazardous substances and any type of operation on the Property is evidence that the operation of an

---

[5] The Township also cites to the Site Investigation Report for the Property but it does so with erroneous page numbers, a practice that pervades its briefing. However, that piece of evidence is irrelevant to our inquiry here. That the Property is contaminated by hazardous substances does not, in itself, prove that the Mandelbaums contaminated it.

5

orchard on the property introduced, not spread, hazardous materials in the Property's soil. But the Township has conceded that the Mandelbaums were not responsible for introducing hazardous materials. Thus, even if the Township could prove that fruit was harvested on the Property during the Mandelbaums' ownership of it, such proof would not constitute evidence that the activity resulted in the spreading of hazardous materials, which would attribute liability to the Mandelbaums.

Assuming for the sake of argument, however, that proof of operation of an orchard could constitute evidence of the spreading of hazardous substances on the Property, the evidence on which the Township relies does not create a genuine issue of material fact that such activity occurred when the Mandelbaums owned the Property. Although the District Court addressed the evidence on that point in response to what it believed to be an argument by the Township that the Mandelbaums were responsible for introducing hazardous materials into the Property's soil, the Court arrived at its conclusion through thoughtful and thoroughly persuasive reasoning on why a reasonable fact finder could not rely on the Township's evidence to conclude that the Mandelbaums operated an orchard on the Property. The Court noted that the unauthenticated Tax Form is not reliable evidence regarding activity that occurred on the Property when the Mandelbaums owned it[6] and that the Application suggests nothing more than the extremely unlikely proposition that the Mandelbaums used the entire Property for fruit farming for only one

---

[6] The Township has failed to put forth any evidence that the preparer of the Tax Form had a personal basis to know the truth of the statement in the form that the principal product of the Property was fruit.

6

year, despite the startup and related costs that would be involved in such a conversion. In light of the unrebutted evidence that the Property was used for timber harvesting during the time the Mandelbaums owned it,[7] and given the Township's refusal or inability (despite a court order) to produce any of the Mandelbaums' Applications for Farmland Assessment from other years, documents which the Township asserts would show the Mandelbaums had declared that the Property was used for production of fruit crops, we conclude, as the District Court did, that no reasonable jury would find the Tax Form's and Application's oblique references to fruit farming to be anything but a mistake. There is, in short, no sound basis on this record to conclude that the Property was used for harvesting of fruit during the period in which the Mandelbaums owned it.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment for the Mandelbaums on the Township's CERCLA and Spill Act claims.[8]

---

[7] The State of New Jersey appears to have interpreted the Application as indicating use of the Property for forestry purposes; a Woodland Management Plan existed for the Property, a plan which would only be necessary if the Property was used for forestry operations; and there is testimonial evidence from David Mandelbaum that the Property was used for growing Christmas trees.

[8] Liability under CERCLA can attach to those who cause "not only the initial introduction of contaminants onto a property but also the spreading of contaminants due to subsequent activity." *United States v. CDMG Realty Co.*, 96 F.3d 706, 719 (3d Cir. 1996). Liability under the Spill Act, however, is narrower and attaches only to those who "cause[] a hazardous material not previously present to enter the waters or land." *White Oak Funding, Inc. v. Winning*, 775 A.2d 222, 225 (N.J. Super. Ct. App. Div. 2001); *see also New Jersey Dept. of Envtl. Protection v. Dimant*, 14 A.3d 780, 788 (N.J. Super. Ct. App. Div. 2011) (holding that Spill Act liability attaches only to activities that include the "use or discharge of a substance and its contamination of the surrounding area"). Thus, summary judgment is proper on the Township's Spill Act claims too.